NEW YORK COUNTY.—HON D. G. ROLLINS, SURRO-
GATE.—March, 1883.

KAMMERRER V. ZIEGLER.

*In the matter of the estate of* ELIZABETH AUCH, *deceased.*

In a creditor's proceeding, pursuant to Code Civ. Pro., ch. 18, tit. 5, to dispose of a decedent's real property for the payment of debts, one who has purchased the property at a referee's sale, in partition among the heirs, is a "person claiming an interest" in the property under an heir, and a necessary party (Code Civ. Pro., § 2754), who must be named in the petition, and addressed in the citation.

Although that Code nowhere expressly requires the executor or administrator to be cited on such an application, it is obviously intended that the citation should be directed to all persons whose names are, by § 2752, required to be stated,—including such an officer.

Under the provision of § 2754, that, "*unless* the executor or administrator has caused to be published, as prescribed by law, a notice requiring creditors to present their claims, and the time for the presentation thereof has elapsed, the citation must be directed generally to all other creditors of the decedent, as well as to the creditors named," if

the exception is not shown to exist, the citation must contain the general clause indicated, although petitioner claims to be the only creditor.

The existence of a dispute as to the validity of the petitioner's claim does not deprive the Surrogate of jurisdiction of the proceedings, the same being determinable by him (Code Civ. Pro., § 2755).

PETITION of John Kammerrer, a creditor, for a decree directing the disposition of decedent's real property for the payment of debts. The facts appear sufficiently in the opinion.

J. H. HULL, *for petitioner.*

F. B. CHEDSEY, *for Elizabeth Ziegler, and others, children of decedent.*

E. YENNI, *for general guardian of Annie Auch.*

THE SURROGATE.—This is a proceeding under title 5, chap. 18 of the Code of Civil Procedure. John Kammerrer, who claims to be a creditor of Elizabeth Auch's estate, prays for a decree, directing the disposition of certain real property for the payment of decedent's debts.

Pursuant to the prayer of his petition, citation seems to have duly issued to the heirs at law, to show cause why such a decree should not be entered. Among the persons so cited, were four children of decedent, all of whom have appeared by counsel in these proceedings.

1. In their behalf, it is, among other things, urged that one Conrad Stein claims title to the property specified in the petition, having purchased the same at a referee's sale, in a partition suit wherein final judgment was lately entered in the Supreme Court, and that the petition is defective in not naming and citing such purchaser, as a person claiming an interest under the heirs at law, who were parties to that action. This objection is well

taken. For it is provided, by section 2754 of the Code, that, in proceedings under title 5, the citation must be directed, not only to heirs, but to persons claiming an interest under them.

2. It is also insisted, and justly, that the citation should have included the administratrix of the estate. Section 2752 requires, by its third subdivision, that the petition, if presented by a creditor of an estate, shall state the name of the executor or administrator. It is nowhere in direct terms enjoined that the executor or administrator shall be cited, but it is obviously intended that the citation should be directed to all persons whose names are, by section 2752, required to be specified.

3. The respondent's claim, that the citation is insufficient, because it does not include the general creditors of decedent, must also be sustained. By section 2754 it is provided that, "*unless* the executor or administrator has caused to be published, as prescribed by law, a notice requiring creditors to present their claims, and the time for the presentation thereof has elapsed, the citation must be directed generally to all other creditors of the decedent, as well as to the creditors named."

The exception is not shown to exist in the present case, and the rule must, therefore, be enforced. And this, too, in spite of the fact that the petitioner claims to be the only creditor. For it is one of the objects of the statute to make provision for giving notice, in proceedings like this, to persons who may perhaps be creditors, though not known to be such by the petitioner.

The Revised Statutes provided that an order to show cause should be issued to persons interested in the estate, and that every such order should be published in a news-

paper, etc. (Rev. Stat., part 2, ch. 6, tit. 4, § 6; *3 Banks, 6th ed., 109*).

The change made by the Code is designed simply to do away with this publication, when creditors have, by published notice, been required to present their claims. But, unless such a course has been pursued, creditors, whether known to exist or not, must be cited as a class, and such citation must be published, as required by section 2523.

I hold, therefore, that no action should be taken upon this petition, until the administratrix, the purchaser at the referee's sale, and the unknown creditors have been made parties. A supplemental citation may issue to bring them into court (§ 2514, subd. 10 ; § 2755).

The contention, that the petitioner is not in fact a creditor of the decedent, need not now be passed upon. The existence of a dispute as to the validity of his claim does not deprive the Surrogate of jurisdiction in the premises (§§ 2752, 2755, 2788), and, when all persons entitled to be parties hereto are made such, the matter can be determined.